UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION



| | |
|---|---|
| VONCEIL MARSHAND, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-03-CO-3195-W |
| | ] |
| WYETH, et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

**ENTERED**
MAR 1 6 2004

Presently before the court is Plaintiff's Motion to Remand and Motion for Sanctions, filed on December 22, 2003, [Doc. # 12.], Wyeth's Opposition to Remand [Doc. # 15], Plaintiff's Motion to Strike [Doc. # 18], Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding [Doc. # 19], and Plaintiff's Motion for Emergency Hearing and/or Ruling [Doc. # 22]. Upon due consideration, and for the reasons that follow, Plaintiff's Motion to Remand and Motion For Sanctions [Doc. # 12.] will be granted in part and denied in part. Plaintiff's Motion to Strike [Doc. # 18] is denied. Wyeth's Motion to Stay to Allow Transfer to the Multi-District



Litigation Proceeding [Doc. # 19] is denied and Plaintiff's Motion for Emergency Hearing and/or Ruling [Doc. # 22] is granted to the extent that a ruling will be entered.

On the 30th day of October 2003, Plaintiff, Vonceil Marshand, filed her complaint against the defendants in the Circuit Court of Sumter County, Alabama. Defendant, Wyeth, removed this action on the 1st day of December 2003. Wyeth asserts in its notice of removal [Doc. # 1] that this court has original jurisdiction of this case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. 28 U.S.C. § 1332 does confer jurisdiction on the Federal District Courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

It is clear from the complaint and the lack of argument from the plaintiff that the jurisdictional amount is met. This court will therefore turn to the question of diversity. Because the defendants removed this action, they have the burden of establishing the propriety of subject-matter jurisdiction. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Plaintiff argues that the case should be remanded because Mary Lou Carnaggio and Nikki N. Windham ("individual defendants") did not join in the removal and because complete diversity does not exist. Plaintiff asserts that the inclusion of the individual defendants in the originally filed complaint destroyed complete diversity. Plaintiff and each of the individual defendants are citizens of Alabama. Wyeth asserts that the individual defendants should not be considered in determining diversity because they were fraudulently joined to avoid diversity.

"A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983). The determination of the issue of fraudulent joinder will thus determine whether the joinder of the individual defendants in the removal was necessary.

*Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989) sets forth the test to be applied when it is alleged that a non-diverse party is fraudulently joined.

> The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can

> establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court.

*Cabalceta*, 883 F.2d at 1561.

This is indeed a difficult burden for the removing party to meet. The height of the bar is raised further by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Id.* at 1561.

Defendants do not contend that the plaintiff fraudulently pled jurisdictional facts in their complaint but instead rely on the first prong of the test described in *Cabalceta*. Therefore, the question presented to this court is whether the defendants carry the burden of proving that "there is no possibility the plaintiff can establish any cause of action against the resident defendant[?]" "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). "For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be

remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant." *Crowe*, 113 F.3d at 1541.

The Eleventh Circuit has gone as far as to require that "[d]oubts as to whether removal of an action is permissible should be resolved against removal." *Key Bank U.S.A., N.A. v. First Union Nat'l Bank of Florida*, 234 B.R. 827, 829 (M.D. Fla. 1999) (citing *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994)).

In Count VI, the plaintiff asserts a claim for "Fraud, Misrepresentation and Suppression." Under Alabama law, "[t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Ex parte Michelin N. Am., Inc.*, 795 So. 2d 674, 678-79, (Ala. 2001). Plaintiff alleges that the defendants made misrepresentations both "directly and /or indirectly" [Compl. ¶ 86] and that "[t]he Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that the Plaintiff and/or Plaintiff's physician would rely on him, [sic] leading to the use of the drug

by the Plaintiff." [Compl. ¶ 87]. Plaintiff also alleges that the individual defendants "promoted, detailed, sold, and/or marketed and made representations to Dr. Reese M. Holliefield regarding Pondimin and/or Redux." [Compl. ¶ 8]. Plaintiff also contends that "[b]ased on the representations made to Dr. Holliefield by the Defendant [sic] Carnaggio and Windham, and the Wyeth Defendant, through its agents, Plaintiff Marshand was prescribed Pondimin and/or Redux."[Compl. ¶ 8].

Wyeth contends through affidavit and deposition testimony that none of its sales force detailed or promoted Pondimin and that they "with respect to Redux . . . merely promoted the medication to licensed healthcare providers based on information provided to them by Wyeth." [Doc. # 15, Opp'n to Remand at 5]. Considering such evidence would require an analysis of the merits of the plaintiff's claim.

> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although [the] . . . district courts may look beyond the face of the complaint, . . . the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.

*Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

At least with regard to Count VI, Plaintiff has not asserted "obviously fraudulent or frivolous claims" against the individual defendants and thus their joinder is not fraudulent. The court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. This case will be remanded to the Circuit Court of Sumter County, Alabama. A separate order will be entered.

Done, this 16 day of March, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE